UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Katherine A. Obinger,

    Plaintiff,

v.

Jo Anne B. Barnhart,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 04-4553 ADM/JGL

Andrew E. Kline, Esq., Kline Law Office, Minneapolis, MN, for and on behalf of Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, Minneapolis, MN, for and on behalf of Defendant.

## I.  INTRODUCTION

Defendant Social Security Commissioner Jo Anne B. Barnhart ("Defendant") denied Plaintiff Katherine A. Obinger's ("Plaintiff") application for social security benefits based on disability.  This matter is now before the undersigned United States District Judge pursuant to Plaintiff's Objections [Docket No. 17] to the Report and Recommendation ("R&R") of Magistrate Judge Jonathan G. Lebedoff [Docket No. 16].  The R&R recommends that Plaintiff's Motion for Summary Judgment [Docket No. 8] be denied, and that Defendant's Motion for Summary Judgment [Docket No. 11] be granted.  This Court adopts the R&R for the reasons stated below.  The procedural and factual background, described in detail in the R&R, is incorporated by reference for Plaintiff's present Objections.

## II.  DISCUSSION

The district court must undertake an independent, *de novo* review of those portions of the

R&R to which a party objects, and "may accept, reject, or modify the recommended decision." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).  Judicial review of a decision by the Defendant is limited to a determination of whether that decision is supported by substantial evidence on the record as a whole.  See 42 U.S.C. § 405(g); Brand v. Sec'y of Dep't of Health, Educ. & Welfare, 623 F.2d 523, 527 (8th Cir. 1980).

Plaintiff has two objections to the R&R.  First, Plaintiff argues that the R&R failed to determine whether the record was fairly considered by the Administrative Law Judge ("ALJ") and by the Appeals Council, and second, whether the Defendant utilized post hoc rationalizations for justifying the ALJ's decision.

**A.     The ALJ's Consideration of the Record**

Plaintiff argues the ALJ erred in failing to analyze the testimony of Dr. Mary Beth Scanlon, the Plaintiff's psychologist.  Plaintiff also faults the Appeals Council for its failure to reference Scanlon's mental impairment questionnaire.  Plaintiff in addition makes mention of the ALJ's failure to reference other evidence introduced by Plaintiff.  Finally, Plaintiff complains that testimony by the Plaintiff's mother was cut short, and her post-hearing memorandum was limited to two pages.  All of these issues, according to Plaintiff, were summarily dismissed by Judge Lebedoff's assertion that the ALJ was not required to discuss every piece of evidence submitted.  Plaintiff avers the evidence not analyzed by the ALJ was the primary basis for Plaintiff's claims.  In response, Defendant contends Plaintiff's fairness objection is simply a repackaging of her previous argument that the combination of her physical and mental issues are medically equivalent to a mental impairment listing.

Although the Plaintiff complains that the ALJ failed to address each piece of evidence set forth by Plaintiff, the R&R correctly notes that the ALJ is not required to mention each factor set forth in 20 C.F.R. § 416.927(d), nor does it require the ALJ to mention every piece of evidence before her.  Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998).  Moreover, the mere lack of mention of a specific piece of testimony is not evidence that the ALJ did not consider such evidence.  Id.  In fact, a review of the ALJ's determination indicates that not only was evidence presented by Plaintiff considered, but also that the determination of the ALJ was supported by substantial evidence on the record.  Specifically, the hypothetical posed by the ALJ to the vocational specialist clearly reflected Dr. Scanlon's opinion regarding Plaintiff's difficulties in various aspects of life and work.  Therefore, it is implicit that the ALJ considered Dr. Scanlon's testimony.  This demonstrates that the ALJ was mindful of the totality of the evidence in making the decision.

In any event, the ALJ's decision is supported by substantial evidence.  The ALJ relied on evidence that included medical evidence, Plaintiff's own testimony, answers to activities questionnaires provided by Plaintiff, and the opinions and testimony of Drs. Scanlon, Marshall, and Hoberman.  R. 25-26.  Ultimately, the ALJ concluded that Plaintiff's physical and mental impairments did not establish medical equivalence.  Quite simply, the Plaintiff at no time has submitted or cited to medical findings that support her argument for equivalence.  Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004).  In the absence of any such medical findings, and in the presence of substantial evidence to support the ALJ's conclusions, the determination of the ALJ will not be disturbed by Plaintiff's argument that the ALJ failed to consider certain specified pieces of evidence.

**B.      Post Hoc Rationalizations**

Plaintiff also alleges that Defendant relied upon a series of post hoc rationalizations to deny Plaintiff benefits.  A review of the record, however, reveals this charge to be without merit.  First, Plaintiff claims once again that her physical and mental impairments together form a medical equivalency to the Listing of Impairments.  Plaintiff claims Dr. Scanlon was the only individual to testify in this regard.  However, as noted, medical findings are required before a finding of medical equivalency can be made.  Dr. Scanlon failed to present medical evidence to support a medical equivalency.

Second, Plaintiff objects to the R&R's finding that Plaintiff is not credible because she admitted that she tends to overstate her capabilities and underestimate her actual limitations.  Plaintiff argues that, absent evidence that she lacks credibility in terms of seeking secondary gain, dishonesty, malingering, or purposeful misstatements, her testimony should be afforded full credibility.  Plaintiff's intent is not the only factor to be weighed in evaluating her credibility.  In this instance, Plaintiff has admitted she is not always accurate.  Although she may not be searching for ill gain as a result of her own inaccuracy, it must be taken into account in terms of credibility.  As a result, the R&R was not incorrect in its finding that Plaintiff's credibility is in question.

Finally, Plaintiff objects to the R&R's discounting of Dr. Scanlon's estimate of the Plaintiff's Global Assessment of Functioning Scale score and reliance on the opinion of Dr. Hoberman.  Again, the R&R correctly found that the conclusions formed by the ALJ were supported by substantial evidence.  As a result, the R&R will be adopted in its entirety.

### III. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Docket No. 17] are **DENIED**;

2. The R&R [Docket No. 16] is **ADOPTED**;

3. The Plaintiff's Motion for Summary Judgment [Docket No. 8] is **DENIED**;

4. The Defendant's Motion for Summary Judgment [Docket No. 11] is **GRANTED**; and

5. Plaintiff's Complaint [Docket No. 1] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 30, 2005.